UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, | Case No. 2:24-cv-0407-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| DOMUS MANAGEMENT CO., *et al.*, | |
| Defendants. | |

Plaintiff alleges that defendants Domus Management Company, Housing Authority of the County of San Joaquin, Erica Perez, Casa Manana Inn, and the United States violated his constitutional rights. As articulated, the complaint does not state a viable claim. Therefore, I will dismiss the complaint with leave to amend. Plaintiff's application to proceed *in forma pauperis* makes the required showing and will be granted.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendant San Joaquin County Housing Authority found him eligible for subsided housing, but that defendant Domus Management Company denied his housing application to Casa Manana Apartments. ECF No. 1 at 1-3. Plaintiff claims that he did not receive notice as to why his application was denied by Domus. *Id.* at 3. He further claims that there is a conspiracy between Domus, federal and state housing authorities, and Erica Perez of the San Joaquin County Housing Authority. *Id.* at 2, 4.

He brings claims under 42 U.S.C. § 1983 and Racketeer Influenced and Corrupt Organizations Act ("RICO"). Specifically, plaintiff claims that defendants (1) denied his right to housing; (2) violated his substantive due process rights when he was denied housing without a hearing and prior notice; (3) failed to protect his rights; (4) retaliated against him for his RICO claims; (5) denial of his right to contract; and (6) housing discrimination.

   Plaintiff's complaint fails to state a claim. As a sovereign, the United States is immune from suit unless it has consented to suit and waived immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotation marks and citation omitted). "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Because the United States "has not waived its sovereign immunity in actions seeking damages for constitutional violations" plaintiff's claim against the United States fails. *See Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988).

   Plaintiff's claims against defendants Domus Management Company, Erica Perez, or Casa Manana Inn are also not cognizable. Plaintiff must allege that each was acting under the color of state law in order to sue them under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987) ("A § 1983 claim requires two essential elements: (1) the conduct that harms the plaintiff must be committed under color of state law (*i.e.,* state action), and (2) the conduct must deprive the plaintiff of a constitutional right."). Plaintiff has not done so. However, he seems to suggest that Domus, Casa, and Perez were engaged in a conspiracy with state actors to violate this constitutional rights. But the complaint contains nothing more than conclusory allegations of a civil conspiracy, which are insufficient to state a claim against any named defendant under 42 U.S.C. § 1983. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasizing that the court is not required to "accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted); *Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that "conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient" to state a claim); *Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991) (requiring something more than conclusory assertions of a civil conspiracy between a private party and a state actor in order to establish § 1983 liability).

   Moreover, plaintiff has not linked any asserted constitutional violations to the San Joaquin Housing Authority. Plaintiff has identified no municipal policy or custom leading to the asserted

violation of his rights. As a result, there is no properly pled *Monell* claim. *See Monell v. Dep't of Social Services*, 436 U.S. 585 at 691, 694 (1978).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   February 24, 2025                          /s/ Jeremy Peterson
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE